# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1850V

| | |
|---|---|
| LIANA KRISSOFF,<br><br>　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: January 27, 2025 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Benjamin Patrick Warder, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

　　On December 14, 2020, Liana Krissoff filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination on October 26, 2019. Petition at 1. On April 30, 2024, I issued a ruling finding Petitioner entitled to compensation and decision awarding damages following briefing and expedited Motions Day argument by the parties. ECF No. 44.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $26,945.55 (representing $26,156.00 for attorney's fees, $755.45 for attorney's costs, and $34.10 for Petitioner's out-of-pocket litigation costs). Petitioner Application for Attorneys' Fees, filed Dec. 30, 2024, ECF No. 52. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred $34.10 in out-of-pocket expenses. ECF No. 53.

Respondent reacted to the motion on January 13, 2025, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 54. Petitioner filed no reply.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees to be awarded appropriate, for the reason set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1.

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted.

Regarding the time billed, I note this case required additional briefing and argument regarding entitlement and damages. *See* Petitioner's Motion for Ruling on the Record and Memorandum in Support of Damages, filed July 21, 2023, ECF No. 38; Minute Entry, dated Apr. 30, 2024 (for April 26, 2024 expedited hearing). Petitioner's counsel expended approximately 5.1 hours drafting the motion and 0.6 hours reviewing Respondent's response. ECF No. 52 at 15. I find this amount of time to be reasonable and will award the attorney's fees requested.

However, a small amount must be reduced for attorney time billed for the review of status reports and other cursory documents prepared by another attorney. ECF No. 52 at 8, 10, 13-17 (entries dated 4/26/21, 12/30/21, 12/5/22, 1/17/23, 2/16/23, 3/20/23, 4/20/23. 5/22/23, 6/21/23, 3/11/24, 4/30/24, 5/30/24, and 11/4/24) I note that it is common practice for Conway, Homer, P.C. to have several attorneys assist over the course of a case. In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review that document. *See,* e.g., *id.* at 12, 21 (entries dated 2/4/21 and 2/2/23). However, it is not reasonable to have an attorney bill for time to review routine filings, such as status reports and motions for enlargement of time, when those filings were prepared (and billed for) by another attorney. This is not the first time I or other special masters have noted this particular issue concerning Conway, Homer, P.C. billing practices. *See, e.g., Manetta v. Sec'y of Health & Hum. Servs.*, No. 18-172V, 2020 WL 7392813, at *2 (Fed. Cl. Spec. Mstr. Nov 19, 2020); *Lyons v. Sec'y of Health & Hum. Servs.*, No. 18-414V, 2020 WL 6578229 (Fed. Cl. Spec. Mstr. Oct. 2, 2020). I will not award attorney's fees for this redundant work. This results in a **reduction of $515.50.**

## ATTORNEY AND PETITIONER COSTS

Petitioner has provided supporting documentation for all claimed costs for all but expenses of $10.00 for copying and $18.76 for postage. ECF No. 52 at 18-32. I will

3

nevertheless allow reimbursement of these unsubstantiated costs. Additionally, Petitioner has provided documentation for the $34.10 out-of-pocket litigation costs that he seeks. *Id.* at 33-35. And Respondent offered no specific objection to the rates or amounts sought.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $26,430.05 (representing $25,640.50 for fees, $755.45 for attorney's costs, and $34.10 for Petitioner's out-of-pocket litigation costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.